Jason Sias (SBN 279196)
Jsias@siaslawinc.com
**SIAS LAW, INC.**
1809 S Street, Suite 101-291
Sacramento, CA 95811
Telephone: (888) 958-5071
Facsimile: (888) 958-5072

Attorney for Plaintiff
**GIOVANELLA AVILEZ-URBINA**

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO

| | |
|---|---|
| GIOVANELLA AVILEZ-URBINA,<br><br>        Plaintiff,<br><br>  vs.<br><br>COUNTY OF SACRAMENTO, a public entity;<br>DEPUTY JOSEPH HALE, DEPUTY<br>KRISTOPHER RIVERA, and DOES 1-50,<br>inclusive, Jointly and Severally,<br><br>        Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **4th Amendment – Excessive Force (42 U.S.C. § 1983)**<br>2. **4th Amendment – False Arrest (42 U.S.C. § 1983)**<br>3. **14th Amendment – Denial of Medical Care (42 U.S.C. § 1983)**<br>4. **Battery**<br>5. **Assault**<br>6. **False Arrest / False Imprisonment**<br>7. **Negligence**<br><br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR DAMAGES

1.     Plaintiff, GIOVANELLA AVILEZ-URBINA, complains of defendants COUNTY OF SACRAMENTO, a public entity; DEPUTY JOSEPH HALE, DEPUTY KRISTOPHER RIVERA (hereinafter together as "deputy defendants"); and DOES 1-50 ("DOES"), inclusive jointly and severally (hereinafter collectively as "DEFENDANTS"), in their respective capacities

for violations of Plaintiff's rights as follows:

**INTRODUCTION**

2.    This civil rights action seeks compensatory and punitive damages from DEFENDANTS for violating various rights under the United States Constitution and state law in connection with the unwarranted, unlawful and unprovoked excessive force and unlawful and unwarranted arrest by Sacramento Sheriff Department Deputies Joseph Hale and Kristopher Rivera on January 18, 2022, in Lemon Hill, California, county of Sacramento.

3.    These officers, without justification of law, fabricated a pretextual[1] stop and abused their authority and power when they brutally attacked Plaintiff with unnecessary severe pain control tactics and conducted an unlawful arrest.

4.    These deputy defendants grabbed, pulled and yanked Plaintiff out of her car, grabbed her by the wrist and twisted her wrists backwards as each deputy pulled an individual arm simultaneously backwards and away from Plaintiff's body. These deputies used so much force that they ripped her jacket. These deputies then handcuffed her extremely tight and caused her immediate excruciating pain.

5.    Plaintiff requested medical care due to the pain she suffered, but these deputies denied her request, and instead wrote her a ticket and left her without having provided or requested medical assistance.

6.    These defendant deputies utilized these pain control tactics even though Plaintiff was non-resistant and defenseless (hereinafter, collectively – including ¶¶ 2-6 – as the "incident").

**PARTIES**

7.    At all relevant times, Plaintiff **GIOVANELLA AVILEZ-URBINA** (hereinafter as "Plaintiff") was a thirty-six-year-old Nicaraguan-American and Latinx mother, United States Armed Forces veteran, United States of America citizen, and a resident of Sacramento County, California.

---

[1] "Pretextual stops" are one in which [deputies] conduct a minor traffic or code violation and escalate it into an investigation of a more serious crime unrelated to the initial violation. See https://spectrumnews1.com/ca/la-west/public-safety/2022/03/01/lapd-officers-now-required-to-explain--pretextual--stops.

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

8.    At all relevant times, Defendant **COUNTY OF SACRAMENTO** (hereinafter as "COUNTY") is and was a duly organized public entity existing under the laws and constitution of the state of California . At all relevant times, COUNTY possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the COUNTY and its tactics, methods, practices, customs, and usages. At all relevant times, COUNTY was the employer of defendant deputies JOSEPH HALE and KRISTOPHER RIVERA and DOES 1-50 who were, by way of example but without limitation, COUNTY sheriff deputies, supervisorial officers, and who were managerial supervisorial and policymaking employees of the COUNTY.

9.    At all times relevant to this action, Defendant COUNTY was responsible for assuring that the actions, omissions, policies, practices, and customs of the COUNTY and its employees and agents complied with the laws of the United Sates and the state of California.

10.    Defendant COUNTY is sued in its own right on the basis of its policies, customs, and practices that gave rise to Plaintiff's federal rights claims, and on the basis of the *respondeat superior* doctrine *(California Government Code sections 815.2 and 820)* for its liability for the acts or omissions of its employee within the scope of the employee's employment that give rise to Plaintiff's state rights claims.

11.    At all relevant times to this action, Defendant **DEPUTY JOSEPH HALE** (hereinafter as "DEPUTY HALE"), was an employee of the COUNTY while working at County of Sacramento Sheriff Department located at 4500 Orange Grove Avenue, Sacramento, California 95841 (hereinafter as "COSSD"), in conjunction with his employment as a law enforcement officer. He is sued in his individual capacity.

12.    At all relevant times to this action, Defendant **DEPUTY KRISTOPHER RIVERA** (hereinafter as "DEPUTY RIVERA"), was an employee of the COUNTY while working at County of Sacramento Sheriff Department located at 4500 Orange Grove Avenue, Sacramento, California 95841 (hereinafter as "COSSD"), in conjunction with his employment as a law enforcement officer. He is sued in his individual capacity.

13.    PLAINTIFF is informed and believes and thereon alleges that at all relevant times to

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

this action, **DEFENDANTS DOES 1-50** (hereinafter as "DOES") were duly authorized employees/agents of the COUNTY, and at all material times, acted under color of law within the course and scope of their respective duties as employees/agents of the COUNTY, and with the complete authority and ratification of their principal, Defendant COUNTY.

14.    At all relevant times, each of the DEFENDANTS designated as a DOE are intentionally and negligently responsible in some manner for the events and happenings herein referred to, and thereby proximately caused injuries and damages as herein alleged. The true names and capacities of DOES, inclusive, and each of them, are not now known to Plaintiff who, therefore, sues said DEFENDANTS by such fictitious names.

15.    Plaintiff is informed and believes, and thereon alleges that each of the DEFENDANTS was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remining DEFENDANTS, and in doing the things herein alleged, was acting within the course and scope of that relationship. Plaintiff is further informed and believes, and thereon alleges, that each of the DEFENDANTS herein gave consent, aid, and assistance to each of the remaining DEFENDANTS, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged.

16.    At all material times, each of the DEFENDANTS was jointly engaged in tortious activity, and an integral participant in the conduct described herein against the Plaintiff, resulting in the deprivation of PLAINTIFF's constitutional rights and other harm.

17.    At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California and the COUNTY.

18.    The acts and omissions of all DEFENDANTS as set forth herein were at all material times actions pursuant to the actual customs, policies, practices and procedures and on the implied and actual permission of Defendant COUNTY.

19.    Defendant COUNTY is liable for PLAINTIFF's injuries under California law and under the doctrine of *respondeat superior*. Liability under California law for public entities and public employees is based on California Government Code §§ 815.2 and 820.

20.    All DEFENDANTS who are natural persons, including DOES 1-50, are sued

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

individually and/or in his/her official capacity as officers, sergeants, captains, commanders, supervisors, and/or civilian employees, agents, medical staff, and representatives for the COUNTY.

21.    This complaint may be pled in the alternative pursuant to Federal Rule of Civil Procedure 8(d)(2).

## CLAIMS STATUTE REQUIREMENT

22.    Plaintiff timely filed and served her "Claim for Damages" with the COUNTY pursuant to California Government Code ("Cal. Gov. Code") Section ("§") 911.2 on June 15, 2022. The COUNTY rejected the claim on August 1, 2022. Plaintiff timely filed this complaint within six months of the COUNTY's rejection in conformity with Cal. Gov. Code § 945.6. Therefore, the state law claims herein are timely.

## JURISDICTION

23.    Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1334, and 1367, and arises under 42 U.S.C. §§ 1983, 1985, 1986, 1988 and the Fourth and Fourteenth Amendments of the United States Constitution.

24.    The amount in controversy herein, excluding interest and costs, exceeds the minimum jurisdictional limit of this Court.

## INTRADISTRICT ASSIGNMENT TO SACRAMENTO DIVISION

25.    Venue is proper in the United States District Court for the Eastern District of California (hereinafter as "CAED"), Sacramento division under 28 U.S.C. §1391(b) and (c) and Local Rules of the CAED, Rule 120(d) because the defendants reside in and all incidents, events and occurrences and/or omission complained of herein giving rise to this action occurred in Sacramento County, California.

## FACTS COMMON TO ALL COUNTS

26.    Plaintiff realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

27.    On or about January 18, 2022, at or about 12:50 am, Ms. Giovanella Avilez-Urbina (hereinafter as "Plaintiff") had car trouble and pulled over and parked her car on a residential

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

street near.  She abided all traffic laws throughout the course of bringing her car to rest on that residential street.

28.    After Plaintiff turned her car off, Plaintiff exited her vehicle to check the engine area under the hood because she thought she smelled oil burning.

29.    After Plaintiff inspected the engine area, she walked back to the driver's side door to re-enter the vehicle.

30.    As she re-entered her vehicle, deputy defendants arrived at her location in a marked vehicle.

31.    Deputy defendants exited the police vehicle and without provocation, angrily commanded Plaintiff to get out of the car.

32.    Plaintiff immediately complied and questioned these deputy defendants about their reasons for their contact because she explained that she had not committed any violations of law.

33.    In response, these deputy defendants asked questions about her car and without reason or lawful justification, DEPUTY RIVERA commanded her to give them her identification.

34.    Confused, but willing to comply, she reiterated that she had not committed any crime, informed the deputy defendants that she would give them her ID but requested the deputy defendants first inform her of their reason for the detainment.

35.    Deputy defendants refused to inform her of the reason for their detainment.

36.    Plaintiff, scared because of the manner these deputy defendants were interacting with her, she continued to ask them for a reason for their detainment.

37.    Plaintiff then accused them of racial profiling her because she was a Latinx woman and then the deputy defendants escalated the encounter with unnecessary force.

38.    Without reasonable justification and without any notice to Plaintiff, DEPUTY HALE grabbed Plaintiff's arm as he took out his handcuffs.

39.    DEPUTY RIVERA then grabbed Plaintiff's other arm and they both simultaneously forcibly twisted Plaintiff around so that she faced her parked vehicle, and they began to pull her arms backwards, away from her body, and apart from each other.

40.    Deputy defendants used so much force that they ripped her jacket.

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

41.    Meanwhile, Plaintiff, scared for her life, started screaming out of fear and pain that resulted from her arms being forcibly yanked in different directions and away from her body.

42.    Plaintiff continued to scream and notify deputy defendants that were hurting her.

43.    In response, deputy defendants, together, pushed Plaintiff to and against the rear of her car, and then forced Plaintiff to the ground on her stomach.

44.    As Plaintiff was knocked to the ground, her cell phone dropped out of her pocket and her cell phone broke.

45.    One of the deputy defendants pulled her jacket off and DEPUTY HALE handcuffed Plaintiff.

46.    DEPUTY HALE handcuffed Plaintiff so tight on her wrists that they immediately caused her additional pain and suffering.

47.    Plaintiff thought these deputy defendants were going to kill her.

48.    As Plaintiff remained imprisoned on the ground and helpless, she continuously questioned the deputies about their mistreatment and informed them that her wrists hurt and they were hurting her.

49.    One of the deputy defendants notified Plaintiff that that they were going to put her in the back of the police car.

50.    Plaintiff immediately responded when she begged them to seat her on the ground instead because she was so scared about being placed in the back of the car that she would have a panic attack.

51.    One of the deputy defendants told her they had to put her in the car.

52.    Plaintiff then begged them that if they did, to please leave the door open.

53.    Without reasonable cause or warning, DEPUTY HALE suddenly put Plaintiff in a control hold, gripped her by the handcuffs, and dragged her to the police car.

54.    This unnecessary control tactic and forcible movement further injured Plaintiff's wrists and additionally injured her shoulder.

55.    Once at the car, DEPUTY HALE forcibly and without giving Plaintiff a command to comply with, flipped Plaintiff onto her side, physically picked up a screaming and crying

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

Plaintiff by her left arm, and tossed her into the back seat.

56.   DEPUTY HALE was unable to toss Plaintiff far enough into the back seat and as a result, Plaintiff's foot remained in the doorway.

57.   Meanwhile, DEPUTY RIVERA entered the police vehicle's back seat from the other side and grabbed Plaintiff by the shoulders and dragged her further inside the car so that they could slam both back seat doors and lock the handcuffed Plaintiff in the back seat.

58.   While Plaintiff was arrested in the back seat and unable to freely leave, DEPUTY HALE rummaged through her purse and found her driver's license. He informed DEPUTY RIVERA that he could not write the ticket for driving without a license because she had a valid one in her purse.

59.   DEPUTY HALE then condescendingly stated that they, the deputy defendants, should be glad that they did not turn on their body worn cameras.

60.   As a result of knowing that this incident was not being documented, Plaintiff became mentally distressed and further concerned for her life and safety.

61.   Deputy defendants kept Plaintiff handcuffed, crying, in pain, constantly requesting for help and medical attention, and helpless in the back seat for about an hour.

62.   DEPUTY HALE, after the hour passed and the deputy defendants conspired about what false citation to cite Plaintiff with,  explained to Plaintiff that she would receive a ticket but that they could not take her to jail because of Covid-19 – they did not give her a verbal explanation of charges.

63.   Plaintiff responded again with complaints about the handcuffs and her need for medical assistance.

64.   The defendant deputies refused to call an ambulance, to take her to the hospital, or to provide any medical assistance.

65.   When DEPUTY HALE tried to remove the handcuffs from Plaintiff's wrists, he had difficulty removing them because the Plaintiffs wrists swelled so much that it blocked an easy or smooth removal.

66.   DEPUTY HALE forcibly pulled down on the handcuffs to pass over the swelled

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

wrists.

67.     Plaintiff cried out in pain.

68.     DEPUTY HALE handed Plaintiff a citation for her signature.

69.     Upon receipt of the citation and review, Plaintiff immediately reiterated that they could not give her a ticket for something she did not do because she never ran a stop sign and she never resisted arrest.

70.     Deputy defendants forced Plaintiff to execute the ticket, then walked away after handing her a copy.

71.     Plaintiff asked one last time for medical assistance, but the deputy defendants again refused, returned to their marked vehicle and drove away.

72.     Plaintiff, distraught, in tremendous pain throughout her body, and in shock from the incident, sat in her car and cried until she calmed down, caught her breath and tried to process the traumatic incident.

73.     At all material times, Defendants' seizure, whether by their intentional and/or negligent conduct, of Plaintiff was done without reasonable justification, probable cause, reasonable suspicion, or other legal right; lasted an excessive amount of time; and was conducted unreasonably. Alternatively, or concurrently, Defendants' own excessive and unreasonable actions created the situation in which the Defendants decided to unlawfully seize and use force against Plaintiff and caused an escalation of events leading to the unlawful seizure and use of force against, and injury to, Plaintiff.

74.     At all relevant times to the incident, Plaintiff was unarmed and did not pose any reasonable threat of violence to the defendants, or any other person, especially when considering that Plaintiff did not make any aggressive movements or give any furtive gestures that would suggest to a reasonable officer that Plaintiff was resisting arrest or delaying the officers in the performance of their duties.

75.     Furthermore, Plaintiff did not engage in any actions which obstructed, delayed, or resisted the responding deputy defendants' efforts to discharge their duties. Plaintiff did not do anything to justify the force used against her, and the same was sadistic, excessive, unnecessary,

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

and unlawful.

76.    At all material times, and alternatively, the actions and omissions of each defendant were intentional, wanton and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to Plaintiff's constitutional rights, done with actual malice, grossly negligent, negligent, and objectively unreasonable, especially during the commission of those acts that concluded with deputy defendants falsely arresting, imprisoning, assaulting and battering a defenseless Plaintiff.

77.    As a direct and proximate result of DEFENDANTS and each of them, by and through their actions and omissions of their agents, employees, in the course and scope of their agency and employment, as set forth above, and including, but not limited to, negligently failed to exercise the proper degree of knowledge, competence and skill in exercising their duties as law enforcement personnel, and failing to provide medical care, negligently failing to respond to repeated requests for treatment and medical attention, failed to demonstrate competence in addressing Plaintiff's inquiries and needs, failed in providing the appropriate level of safety for Plaintiff during the incident, failed to provide access to competent medical professionals, Plaintiff sustained injuries and damages, past and future.

78.    As a further direct and proximate result of Defendants' actions and omissions as set forth above, Plaintiff sustained the following injuries and damages, past and future, among others:

      a.    Physical injuries requiring medical treatment, including, but not limited to: her wrist, hands, elbows (including, but not limited to, an elbow bruising), back, biceps, shoulders, multiple upper extremity contusions, aches, pain, swelling, skin discoloration, elbow bruises;

      b.    Wrongful search and seizures.

      c.    Violation of constitutional rights;

      d.    Medical expenses;

      e.    Pain and suffering and emotional distress, including, but not limited to, trauma, grief, fright, anger, fear, nervousness around law enforcement officers, trepidation, shame and humiliation, depression, paralyzing anxiety, hysteria, confusion, crying and bewilderment,

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

difficulty sleeping, nightmares, and is unable to engage in typical day-to-day activities as a result of fear of leaving her home;

f.    Damaged personal property, including, but not limited to, torn or ripped clothing, broken earrings, and a broken cell phone;

g.    All damages, costs, and attorney's fees and penalties recoverable under 42 U.S.C. §§ 1983, 1988, California Code of Civil Procedure § 1021.5, and as otherwise allowed under California and United States statues, codes, and common law;

h.    In any amounts according to proof and in excess of the minimum jurisdictional amount of this Court as well as for the use of money, pre and post judgment interest, and such other damages as deemed just and proper.

## FIRST CLAIM FOR RELIEF

### Violation of the Fourth Amendment to the U.S. Constitution – Excessive Force
### (42 U.S.C. § 1983)
### (By Plaintiff Against Defendants DEPUTY JOSEPH HALE, DEPUTY KRISTOPHER RIVERA, and DOES 1-50)

79.    Plaintiff realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

80.    By the actions and omission described above, Defendants' violated 42 U.S.C. §1983, depriving Plaintiff of the following clearly-established and well-settled constitutional rights protected by the Fourth and Fourteenth Amendments to the U.S. Constitution:

81.    The right to be free from excessive and unreasonable force as secured by the Fourth Amendment (as incorporated by the Fourteenth Amendment).

82.    At all times mentioned herein, the COUNTY employed these individual deputy defendants. Said County provided the individual deputies defendants with official badges and identification cards, which designated and described them as employees of the COUNTY.

83.    At all times mentioned herein, these individual defendants and DOES, and each of them, separately and in concert, acted under color and pretense of law, under color of the statutes, ordinances, regulations, policies, practices, customs and usages of the State of

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

California and the COUNTY. Each of these defendants, separately and in concert, deprived Plaintiff of the rights, privileges and immunities secured to Plaintiff by the Fourth Amendment to the United States Constitution and the laws of the United States, including, but not limited to the right to be free from unreasonable searches and seizures and the right to be free from the use of excessive force.

84.    Plaintiff is informed, believes, and thereon alleges that on or about January 18, 2022, deputy defendants assaulted and battered Plaintiff, as previously described, all of which constituted excessive, unjustifiable, and unreasonable force in violation of Plaintiff's constitutional right to be free from unreasonable searches and seizures.

85.    Deputy defendants, while working as sheriff deputies for COSSD and acting within the course and scope of their duties, intentionally grabbed Plaintiff's arms; forcibly twisted Plaintiff around so that she faced her parked vehicle; pulled her arms backwards, away from her body and apart from each other; used so much force that it ripped her jacket; pushed Plaintiff to and against the rear of her car; knocked Plaintiff to the ground on her stomach; handcuffed Plaintiff too tight on her wrists that they swelled; unnecessarily placed Plaintiff in a control hold; grabbed Plaintiff by the handcuffs and dragged her to the police car; forcibly rolled Plaintiff onto her side against her will; physically picked up a screaming and crying Plaintiff by her left arm and tossed her into the back seat; and grabbed Plaintiff by the shoulders and dragged her further inside the car so that they could slam both back seat doors and lock Plaintiff in the back seat.

86.    Defendants' use of force as mentioned herein was both excessive, unreasonable and unnecessary under the circumstances, including, but not limited to: Plaintiff acknowledged a willingness to comply with the deputy defendants' orders, complied with other orders; was not acting in a threatening manner towards any one; was unarmed; continuously voiced her pain and suffering; all the deputy defendants' control tactics were done without warning and without justification; and Plaintiff never attempted to prohibit deputy defendants from performing their duties.

87.    Defendants knew that their actions could result in significant bodily harm, in particular, Plaintiff continuously voiced her pain and suffering; yet the deputy defendants

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

continued to apply escalating force when it was not necessary or warranted.

88.   As a direct and proximate cause of deputy defendants' actions and omissions as set forth above, these named defendants are liable for Plaintiff's injuries, either because they were integral participants in the excessive use of force, or because they failed to intervene to prevent these violations and having the opportunity to intervene.

89.   As a further direct and proximate result from the violation of Plaintiff's constitutional rights by deputy defendants and DOES, Plaintiff suffered general and special damages as alleged in this complaint, including, but not limited to, those set forth at ¶ 78, and other pecuniary losses not yet ascertained, and is entitled to relief under 42 U.S.C. § 1983.

90.   The conduct of the deputy defendants and DOES, as herein alleged, was intentional, wanton and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to Plaintiff's constitutional rights, done with actual malice, grossly negligent, negligent, and objectively unreasonable, and justifies the awarding of punitive damages.

91.   Plaintiff also seeks attorney's fees under this claim.

92.   Additionally, as a direct and proximate cause of the aforementioned acts, Plaintiff sustained injuries and damages and is entitled to relief as prayed for herein.

## SECOND CLAIM FOR RELIEF

### Violation of the Fourth Amendment to the U.S. Constitution – False Arrest

### (42 U.S.C. § 1983)

### (By Plaintiff Against Defendants DEPUTY JOSEPH HALE, DEPUTY KRISTOPHER RIVERA, and DOES 1-50)

93.   Plaintiff realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

94.   By the actions and omission described above, Defendant's violated 42 U.S.C. §1983, depriving Plaintiff of the following clearly-established and well-settled constitutional rights protected by the Fourth Amendments to the U.S. Constitution:

a.   the right to be free from unreasonable searches and seizures (false arrests) as secured by the Fourth Amendment (as incorporated by the Fourteenth Amendment).

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

95.    At all times mentioned herein, the COUNTY employed these individual deputy defendants. Said County provided the individual deputies defendants with official badges and identification cards, which designated and described them as employees of the COUNTY.

96.    At all times mentioned herein, these individual defendants and DOES, and each of them, separately and in concert, acted under color and pretense of law, under color of the statutes, ordinances, regulations, policies, practices, customs and usages of the State of California and the COUNTY.  Each of these defendants, separately and in concert, deprived Plaintiff of the rights, privileges and immunities secured to Plaintiff by the Fourth Amendment to the United States Constitution and the laws of the United States, including, but not limited to the right to be free from unreasonable searches and seizures and the right to be free from the use of excessive force.

97.    Plaintiff is informed, believes, and thereon alleges that on or about January 18, 2022, deputy defendants, without probable cause, and without Plaintiff having committed a crime, imprisoned, and falsely arrested Plaintiff, as previously described, all of which constituted excessive, unjustifiable, and unreasonable seizure in violation of Plaintiff's constitutional right to be free from unreasonable searches and seizures.

98.    Deputy defendants, while working as sheriff deputies for COSSD and acting within the course and scope of their duties, intentionally grabbed Plaintiff's arms; forcibly twisted Plaintiff around and pinned her face forward against her parked car; knocked Plaintiff to the ground on her stomach while deputy defendants restrained her from getting up and freely moving; handcuffed Plaintiff while she was pinned to the ground; placed Plaintiff in a control hold while pinned to the ground; dragged her to the police car; picked her up and locked Plaintiff in the back seat of the police car for about an hour; falsified police reports to support their false arrest; concealed the incident by failing to turn on their body worn cameras; and deprived Plaintiff of her liberty without justification.

99.    Defendants' seizure as mentioned herein was both excessive, unreasonable and unnecessary under the circumstances, including, but not limited to: Plaintiff acknowledged that she intended to comply with the order of producing her identification; complied with other

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

orders; was not acting in a threatening manner towards any one; was unarmed; Plaintiff begged for alternative and reasonable options; all the deputy defendants' physical force tactics were done without warning and without justification; and Plaintiff never attempted to prohibit deputy defendants from performing their duties.

100.    Defendants knew that their actions could result in significant bodily and mental harm, in particular, Plaintiff continuously voiced her complaints, fears, and foreseeable outcomes; yet the deputy defendants continued to restrain her against her will and arrest her when it was not necessary or warranted.

101.    As a direct and proximate cause of deputy defendants' actions and omissions as set forth above, these named defendants are liable for Plaintiff's injuries, either because they were integral participants in the unreasonable seizure, or because they failed to intervene to prevent these violations and having the opportunity to intervene.

102.    As a further direct and proximate result from the violation of Plaintiff's constitutional rights by deputy defendants and DOES, Plaintiff suffered general and special damages as alleged in this complaint, including, but not limited to, those set forth at ¶ 78, and other pecuniary losses not yet ascertained, and is entitled to relief under 42 U.S.C. § 1983.

103.    The conduct of the deputy defendants and DOES, as herein alleged, was intentional, wanton and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to Plaintiff's constitutional rights, done with actual malice, grossly negligent, negligent, and objectively unreasonable, and justifies the awarding of punitive damages.

104.    Plaintiff also seeks attorney's fees under this claim.

105.    Additionally, as a direct and proximate cause of the aforementioned acts, Plaintiff sustained injuries and damages and is entitled to relief as prayed for herein.

///

///

///

///

///

**THIRD CLAIM FOR RELIEF**

**Fourteenth Amendment – Denial of Medical Care**

**(42 U.S.C. § 1983)**

**(By Plaintiff Against Defendants DEPUTY JOSEPH HALE, DEPUTY KRISTOPHER RIVERA, and DOES 1-50)**

106.  Plaintiff realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

107.  By the actions and omission described above, Defendant's violated 42 U.S.C. §1983, depriving Plaintiff of the following clearly-established and well-settled constitutional rights protected by the Fourteenth Amendment to the U.S. Constitution:

    a.  the right to necessary medical care.

108.  The Eighth Amendment guarantees provide Plaintiff a *minimum standard of care* for determining his rights as a pretrial detainee, including the right to medical care.  Therefore, Plaintiff's Fourteenth Amendment rights to medical care are greater than those afforded under the Eighth Amendment to convicted prisoners.

109.  At all times mentioned herein, the COUNTY employed these individual deputy defendants. Said County provided the individual deputies defendants with official badges and identification cards, which designated and described them as employees of the COUNTY.

110.  At all times mentioned herein, these individual defendants and DOES, and each of them, separately and in concert, acted under color and pretense of law, under color of the statutes, ordinances, regulations, policies, practices, customs and usages of the State of California and the COUNTY.  Each of these defendants, separately and in concert, deprived Plaintiff of the rights, privileges and immunities secured to Plaintiff by the Fourteenth Amendment to the United States Constitution and the laws of the United States, including, but not limited to the right to be provided medical care such that she would be secure in her person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment and as applied to state actors by the Fourteenth Amendment.

111.  Plaintiff is informed, believes, and thereon alleges that on or about January 18, 2022,

deputy defendants, without probable cause, and without Plaintiff having committed a crime, used excessive and unreasonable force, imprisoned and falsely arrested Plaintiff, as previously described, all of which constituted excessive, unjustifiable, and unreasonable excessive force and seizure in violation of Plaintiff's constitutional right to be free from unreasonable searches and seizures. After forewarning these defendants of potential harm and the resulting and visible pain and suffering she sustained, when Plaintiff requested medical care, these defendants denied her any assistance in violation of their constitutional duty to provide medical care.

112.    As a result of the foregoing, Plaintiff suffered great physical pain and emotional distress up to the time she took herself to the emergency room.

113.    Defendants knew that their actions could result in further injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing Plaintiff great bodily harm and mental anguish.

114.    As a direct and proximate cause of deputy defendants' actions and omissions as set forth above, these named defendants are liable for Plaintiff's injuries, either because they were integral participants in the denial of medical care, or because they failed to intervene to prevent these violations and having the opportunity to intervene.

115.    As a further direct and proximate result from the violation of Plaintiff's constitutional rights by deputy defendants and DOES, Plaintiff suffered general and special damages as alleged in this complaint, including, but not limited to, those set forth at ¶ 78, and other pecuniary losses not yet ascertained, and is entitled to relief under 42 U.S.C. § 1983.

116.    The conduct of the deputy defendants and DOES, as herein alleged, was intentional, wanton and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to Plaintiff's constitutional rights, done with actual malice, grossly negligent, negligent, and objectively unreasonable, and justifies the awarding of punitive damages.

117.    Plaintiff also seeks attorney's fees under this claim.

118.    Additionally, as a direct and proximate cause of the aforementioned acts, Plaintiff sustained injuries and damages and is entitled to relief as prayed for herein.

///

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

## FOURTH CLAIM FOR RELIEF

### Battery

### (California Government Code § 815.2(a), 820(a), and California Common Law)

### (By Plaintiff Against all Defendants)

119.   Plaintiff realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

120.   At all times mentioned herein, the COUNTY employed the individual deputy defendants. Said County provided the individual deputies defendants with official badges and identification cards, which designated and described them as employees of the COUNTY.

121.   At all times mentioned herein, these individual defendants and DOES, and each of them, separately and in concert, acted under color and pretense of law, under color of the statutes, ordinances, regulations, policies, practices, customs and usages of the State of California and the COUNTY.  Each of these defendants, separately and in concert, deprived Plaintiff of the rights, privileges and immunities secured to Plaintiff by the State of California.

122.   Likewise, the deputy defendants' conduct was neither privileged nor justified under statute or common law. Additionally, these deputy defendants did not give any warnings regarding any use of force prior to employing the aforementioned force despite the means and ability to do so.

123.   The actions and omissions of the Defendants, as set forth above, acting individually and in concert with one another, battered Plaintiff by acts which included, but were not limited to, grabbing and pulling Plaintiff's arms backwards and in opposite directions, yanking and throwing Plaintiff against her car, pinning Plaintiff against her car, tackling Plaintiff to the ground, pinning Plaintiff to the ground, grabbing Plaintiff and dragging her from her car to the deputy defendants' police car, picking Plaintiff up off the ground and tossing her into the back of the deputy defendants police car, grabbing Plaintiff by the shoulders and yanking her across the back see, and employing unnecessary and excessive severe pain control tactics, all without her consent, constitute a battery.

124.   In battering Plaintiff as described herein, defendant deputies proximately caused

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

severe injuries to Plaintiff.

125.   At no time during the events described above, and at all other pertinent times, did the deputy defendants have a warrant for the arrest of Plaintiff, nor did they have any facts or information that constituted probable cause that Plaintiff had committed or was about to commit a crime. Deputy defendants also lacked reasonable suspicion to detain Plaintiff at any time, and they were not engaged in any lawful investigative detention of Plaintiff.

126.   At no time, both prior to and during the time in which Plaintiff was battered, was Plaintiff armed with any kind of weapon, and posed no reasonable threat of violence to defendants, nor any other individual. When the defendants battered Plaintiff, Plaintiff made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable officer that she was armed with any kind of weapon, or had the will, or the ability to inflict substantial bodily harm against any individual.

127.   Plaintiff never consented to the use of force these deputy defendants employed.

128.   As a direct and proximate cause of deputy defendants' actions and omissions, and as a substantial factor in causing Plaintiff's harm, both as set forth above, these named defendants are liable for Plaintiff's injuries, either because they were integral participants in the assault, or because they failed to intervene to prevent the assault and having the opportunity to intervene.

129.   As a further direct and proximate result from the violation of Plaintiff's constitutional rights by deputy defendants and DOES, Plaintiff suffered general and special damages as alleged in this complaint, including, but not limited to, those set forth at ¶ 78, and other pecuniary losses not yet ascertained, and is entitled to relief under California law.

130.   The conduct of the deputy defendants and DOES, as herein alleged, was intentional, wanton and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to Plaintiff's constitutional rights, done with actual malice, grossly negligent, negligent, and objectively unreasonable, and justifies the awarding of punitive damages.

131.   COUNTY is vicariously liable for the Defendant's wrongful acts pursuant to section 815.2(a) and 820 of the California Government Code, which provides that a public entity is

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

132.  Additionally, as a direct and proximate cause of the aforementioned acts, Plaintiff sustained injuries and damages and is entitled to relief as prayed for herein.

### FIFTH CLAIM FOR RELIEF

**Assault**

**(California Government Code § 815.2(a), 820(a), and California Common Law)**

**(By Plaintiff Against all Defendants)**

133.  Plaintiff realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

134.  At all times mentioned herein, the COUNTY employed the individual deputy defendants. Said County provided the individual deputies defendants with official badges and identification cards, which designated and described them as employees of the COUNTY.

135.  At all times mentioned herein, these individual defendants and DOES, and each of them, separately and in concert, acted under color and pretense of law, under color of the statutes, ordinances, regulations, policies, practices, customs and usages of the State of California and the COUNTY.  Each of these defendants, separately and in concert, deprived Plaintiff of the rights, privileges and immunities secured to Plaintiff by the State of California.

136.  Likewise, the deputy defendants' conduct was neither privileged nor justified under statute or common law. Additionally, these deputy defendants did not give any warnings regarding any use of force prior to employing the aforementioned force despite the means and ability to do so.

137.  The actions and omissions of the Defendants, as set forth above, acting individually and in concert with one another, battered Plaintiff by acts which included, but were not limited to, grabbing and pulling Plaintiff's arms backwards and in opposite directions, yanking and throwing Plaintiff against her car, pinning Plaintiff against her car, tackling Plaintiff to the ground, pinning Plaintiff to the ground, grabbing Plaintiff and dragging her from her car to the deputy defendants' police car, picking Plaintiff up off the ground and tossing her into the back of

the deputy defendants police car, grabbing Plaintiff by the shoulders and yanking her across the back see, and employing unnecessary and excessive severe pain control tactics, all without her consent, constitute an assault.

138.  In assaulting Plaintiff as described herein, defendant deputies proximately caused severe injuries to Plaintiff.

139.  At no time during the events described above, and at all other pertinent times, did the deputy defendants have a warrant for the arrest of Plaintiff, nor did they have any facts or information that constituted probable cause that Plaintiff had committed or was about to commit a crime. Deputy defendants also lacked reasonable suspicion to detain Plaintiff at any time, and they were not engaged in any lawful investigative detention of Plaintiff.

140.  At no time, both prior to and during the time in which Plaintiff was battered, was Plaintiff armed with any kind of weapon, and posed no reasonable threat of violence to defendants, nor any other individual. When the defendants battered Plaintiff, Plaintiff made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable officer that she was armed with any kind of weapon, or had the will, or the ability to inflict substantial bodily harm against any individual.

141.  Plaintiff never consented to the use of force these deputy defendants employed.

142.  As a direct and proximate cause of deputy defendants' actions and omissions, and as a substantial factor in causing Plaintiff's harm, both as set forth above, these named defendants are liable for Plaintiff's injuries, either because they were integral participants in the assault, or because they failed to intervene to prevent the assault and having the opportunity to intervene.

143.  As a further direct and proximate result from the violation of Plaintiff's constitutional rights by deputy defendants and DOES, Plaintiff suffered general and special damages as alleged in this complaint, including, but not limited to, those set forth at ¶ 78, and other pecuniary losses not yet ascertained, and is entitled to relief under California law.

144.  The conduct of the deputy defendants and DOES, as herein alleged, was intentional, wanton and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to Plaintiff's constitutional rights, done with actual malice, grossly negligent, negligent, and

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

1    objectively unreasonable, and justifies the awarding of punitive damages.

2        145.  COUNTY is vicariously liable for the Defendant's wrongful acts pursuant to section

3    815.2(a) and 820 of the California Government Code, which provides that a public entity is

4    liable for the injuries caused by its employees within the scope of the employment if the

5    employee's act would subject him or her to liability.

6        146.  Additionally, as a direct and proximate cause of the aforementioned acts, Plaintiff

7    sustained injuries and damages and is entitled to relief as prayed for herein.

8                        <u>SIXTH CLAIM FOR RELIEF</u>

9                        **False Arrest / False Imprisonment**

10    **(California Government Code § 815.2(a), 820(a), and California Common Law)**

11                        **(By Plaintiff Against all Defendants)**

12        147.  Plaintiff realleges each and every allegation in the preceding paragraphs of this

13    Complaint with the same force and effect as if fully set forth herein.

14        148.  At all times mentioned herein, the COUNTY employed the individual deputy

15    defendants. Said County provided the individual deputies defendants with official badges and

16    identification cards, which designated and described them as employees of the COUNTY.

17        149.  At all times mentioned herein, these individual defendants and DOES, and each of

18    them, separately and in concert, acted under color and pretense of law, under color of the

19    statutes, ordinances, regulations, policies, practices, customs and usages of the State of

20    California and the COUNTY.  Each of these defendants, separately and in concert, deprived

21    Plaintiff of the rights, privileges and immunities secured to Plaintiff by the State of California.

22        150.  Likewise, the deputy defendants' conduct was neither privileged nor justified under

23    statute or common law. Additionally, these deputy defendants did not give any warnings

24    regarding any imprisonment despite the means and ability to do so.

25        151.  The actions and omissions of the Defendants, as set forth above, acting individually

26    and in concert with one another, imprisoned Plaintiff by acts which included, but were not

27    limited to, pinning Plaintiff against her car, pinning Plaintiff to the ground, dragging Plaintiff

28    from her car to the deputy defendants' police car, locking Plaintiff in the back of the deputy

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

defendants police car for about an hour, and refraining Plaintiff from leaving in total for almost two hours, all without her consent, constitute an assault.

152.  In falsely imprisoning Plaintiff as described herein, defendant deputies proximately caused severe injuries to Plaintiff.

153.  At no time during the events described above, and at all other pertinent times, did the deputy defendants have a warrant for the arrest of Plaintiff, nor did they have any facts or information that constituted probable cause that Plaintiff had committed or was about to commit a crime. Deputy defendants also lacked reasonable suspicion to detain Plaintiff at any time, and they were not engaged in any lawful investigative detention of Plaintiff.

154.  At no time, both prior to and during the time in which Plaintiff was imprisoned, was Plaintiff armed with any kind of weapon, access to any kind of weapon, and posed no reasonable threat of violence to defendants, nor any other individual. When the defendants imprisoned Plaintiff, Plaintiff made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable officer that she was armed with any kind of weapon, or had the will, or the ability to inflict substantial bodily harm against any individual to arrest her and restrain her freedom of movement.

155.  Plaintiff never consented to the imprisonment that these deputy defendants forced her into.

156.  As a direct and proximate cause of deputy defendants' actions and omissions, and as a substantial factor in causing Plaintiff's harm, both as set forth above, these named defendants are liable for Plaintiff's injuries, either because they were integral participants in the imprisonment, or because they failed to intervene to prevent the imprisonment and having the opportunity to intervene.

157.  As a further direct and proximate result from the violation of Plaintiff's constitutional rights by deputy defendants and DOES, Plaintiff suffered general and special damages as alleged in this complaint, including, but not limited to, those set forth at ¶ 78, and other pecuniary losses not yet ascertained, and is entitled to relief under California law.

158.  The conduct of the deputy defendants and DOES, as herein alleged, was intentional,

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

wanton and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to Plaintiff's constitutional rights, done with actual malice, grossly negligent, negligent, and objectively unreasonable, and justifies the awarding of punitive damages.

159.  COUNTY is vicariously liable for the Defendant's wrongful acts pursuant to section 815.2(a) and 820 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

160.  Additionally, as a direct and proximate cause of the aforementioned acts, Plaintiff sustained injuries and damages and is entitled to relief as prayed for herein.

**SEVENTH CLAIM FOR RELIEF**

**Negligence**

**(California Government Code § 815.2(a), 820(a), and California Common Law)**

**(By Plaintiff Against all Defendants)**

161.  Plaintiff realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

162.  At all times, the Defendant owed a duty of care to Plaintiff and were required to use reasonable diligence to ensure Plaintiff was not harmed by DEFENDANTS' execution and enforcement of any right, law, or obligation.

163.  These general duties of reasonable care and due care owed to Plaintiff by all DEFENDANTS include, but are not limited to, the following specific obligations:

a.    to refrain from tactics and conduct that lead to the otherwise unnecessary and unlawful excessive force on Plaintiff;

b.    to refrain from tactics and conduct that lead to the otherwise unnecessary and unlawful arrest of Plaintiff;

c.    to refrain from tactics and conduct that lead to the otherwise unnecessary denial of medical care to Plaintiff;

d.    to intervene to stop and/or remedy observed violations of rights by other COUNTY employees;

e.    to refrain from abusing their authority granted them by law; and

f.    to refrain from violating PLAINTIFF's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

164. DEFENDANTS' actions and omissions were negligent and reckless, and included, but were not limited to:

a. Negligently stopping and detaining Plaintiff without reasonable suspicion that Plaintiff committed or would commit a crime;

b. negligently arresting Plaintiff without probable cause that Plaintiff committed a crime;

c. negligently arresting Plaintiff without a warrant;

d. negligently imprisoning Plaintiff without reasonable cause;

e. negligently employing unnecessary and unjustified excessive force;

f. the failure to properly assess, diagnose, or otherwise determine that Plaintiff posed no threat of physical harm to any person when these deputy defendants assaulted and battered her;

g. the failure to correctly evaluate, assess, diagnose, treat, or provide medical care to Plaintiff; and

h. the failure to timely evaluate, assess, diagnose, treat, provide general medical care to Plaintiff;

165. DEFENDANTS knew, or should have known that of these duties, and despite that knowledge, they breached the applicable standard of care.

166. As a direct and proximate cause of deputy defendants' actions and omissions, and as a substantial factor in causing Plaintiff's harm, both as set forth above, these named defendants are liable for Plaintiff's injuries, either because they were integral participants in the imprisonment, or because they failed to intervene to prevent the imprisonment and having the opportunity to intervene.

167. As a further direct and proximate result from the violation of Plaintiff's constitutional rights by deputy defendants and DOES, Plaintiff suffered general and special damages as alleged in this complaint, including, but not limited to, those set forth at ¶ 78, and other pecuniary losses not yet ascertained, and is entitled to relief under California law.

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 - F: 888.958.5072

168.  The conduct of the deputy defendants and DOES, as herein alleged, was intentional, wanton and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to Plaintiff's constitutional rights, done with actual malice, grossly negligent, negligent, and objectively unreasonable, and justifies the awarding of punitive damages.

169.  COUNTY is vicariously liable for the Defendant's wrongful acts pursuant to section 815.2(a) and 820 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

170.  Additionally, as a direct and proximate cause of the aforementioned acts, Plaintiff sustained injuries and damages and is entitled to relief as prayed for herein.

## **PRAYER**

**WHEREFORE**, Plaintiff prays judgment against Defendant, COSSD, COUNTY and each of them, jointly and severally as follows:

1.  For compensatory (or general) in an amount according to proof and which is fair, just and reasonable;

2.  For medical and related expenses according to proof at trial;

3.  For all other special damages according to proof;

4.  For costs of suit incurred herein;

5.  For punitive damages under 42 USC §1983 and California law in an amount according to proof and which is fair, just, and reasonable (but not against Defendant COUNTY of Sacramento);

6.  For prejudgment interest;

7.  For all other damages, penalties, costs, interest, and attorney fees as allowed by 42 USC §§ 1983 and 1988, Cal. Code of Civ. Proc. 1021.5, and as otherwise may be allowed by California and/or federal law;

8.  For such other and further relief as presented by the evidence in this case and as this Court may deem just, proper and appropriate.

///

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

Dated: February 1, 2023

**SIAS LAW, INC.**

Respectfully Submitted By:

_____
JASON O. SIAS
Attorney for Plaintiff
GIOVANELLA AVILEZ-URBINA

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a trial by jury.

Dated: February 1, 2023

**SIAS LAW, INC.**

Respectfully Submitted By: _____

JASON O. SIAS
Attorney for Plaintiff
GIOVANELLA AVILEZ-URBINA

**SIAS LAW, INC.**
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

---

-28-
COMPLAINT FOR DAMAGES AND JURY DEMAND