UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIOVANELLA AVILEZ-URBINA,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>Defendants. | No. 2:23–cv–202–DAD–KJN PS<br><br>PRETRIAL SCHEDULING ORDER |

READ THIS ORDER CAREFULLY.  IT CONTAINS IMPORTANT DATES THAT THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES MUST COMPLY.  FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER APPROPRIATE SANCTIONS, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

On June 29, 2023, the assigned district judge entered a scheduling order in this matter.  (ECF No. 12.)  Since then, plaintiff has elected to proceed without the aid of counsel, and the matter was reassigned to the undersigned and a different district judge.  (ECF Nos. 13-23.)  For clarity, the court now reissues a scheduling order, adopting most (but not all) of the previously-set dates.[1]

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(c) and Local Rule 302(c)(21).

SERVICE OF PROCESS/ JOINDER OF PARTIES/AMENDMENT OF PLEADINGS

All named defendants have been served and have answered plaintiff's complaint. No further service, joinder of parties, or amendments to pleadings is permitted except with leave of court, good cause having been shown.

JURISDICTION/VENUE

Jurisdiction and venue are undisputed, and are hereby found to be proper.

INITIAL DISCLOSURES

Given that this case has been in the discovery phase since June of 2023, the court presumes the parties have already exchanged initial disclosures. To the extent that the parties have not already done so, the parties shall exchange initial disclosures within thirty days of this order. Such disclosures shall include production of any documents and other items required by Fed. R. Civ. P. 26(a)(1)(A)(ii) that are within a party's possession, custody, or control.

DISCOVERY DEADLINES, PROCEDURES FOR DISCOVERY DISPUTES

All non-expert discovery shall be completed[2] by **December 27, 2024.** Any discovery-related motions must conform to the requirements of the Federal Rules of Civil Procedure and this court's Local Rules, including Local Rule 251. The incoming magistrate judge generally hears civil motions on Tuesdays at 10:00 a.m.

Prior to filing any discovery-related motions, the parties are required to meet and confer in good faith in an attempt to resolve their discovery disputes informally and without court intervention. Such meet and confer shall take place in person, or at a minimum, via a telephonic conference. The mere exchange of letters or e-mails alone is not sufficient. As part of their joint statement related to a discovery motion submitted pursuant to Local Rule 251, the parties shall also specifically outline: (a) what meet-and-confer efforts were undertaken; (b) when and where such discussions took place; (c) who was present; and (d) how the parties' disputes were narrowed as a result of such discussions. Failure to comply with these requirements may result in

---

[2] "Completed" means (1) all discovery shall have been conducted so that all depositions have been taken and (2) any disputes related to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with.

summary denial of any discovery motion.

The court strongly encourages the use of informal telephonic discovery conferences with the court in lieu of formal discovery motion practice. The procedures and conditions for requesting and conducting such an informal telephonic discovery conference are outlined in Judge Newman's "Order re Informal Telephonic Conferences re Discovery Disputes," posted on [Judge Newman's page on the court's website](#).

Additionally, and subject to availability, the court will rule on disputes encountered at oral depositions so as to avoid them from breaking down. In the course of the deposition, the parties may contact Judge Newman's courtroom deputy clerk at (916) 930-4187 to inquire regarding Judge Newman's availability. However, the parties are cautioned that these informal procedures are not to be abused, and the court may impose appropriate sanctions on an offending party or parties, even in the course of informal discovery conferences.

## EXPERT DISCLOSURES AND DISCOVERY

The parties shall disclose any expert witnesses in accordance with the specifications of Fed. R. Civ. P. 26(a)(2) no later than **November 1, 2024**. Any rebuttal expert disclosures shall be made in accordance with the specifications of Fed. R. Civ. P. 26(a)(2) no later than **November 15, 2024**. Expert disclosures shall be filed with the court and served upon all other parties. All expert discovery shall be completed (see fn. 3) by **December 27, 2024**. The same procedures for fact–discovery disputes applies to expert–discovery disputes.

An expert witness not timely disclosed will not be permitted to testify unless the party offering the witness demonstrates that: (a) the necessity of the witness could not have been reasonably anticipated at the time that the expert disclosures were due; (b) the court and opposing counsel were promptly notified upon discovery of the witness; and (c) the witness was promptly proffered for deposition. Failure to provide the information required by Fed. R. Civ. P. 26(a)(2) along with the expert disclosures may lead to preclusion of the expert's testimony or other appropriate sanctions.

///

///

LAW AND MOTION

Dispositive motions may be filed following the procedures of Local Rule 230. All law and motion, including motions for summary judgment under Fed. R. Civ. P. 56, shall be filed by **February 25, 2025** and completed (i.e. heard) by **April 22, 2025**. Counsel and/or parties proceeding without counsel are cautioned to refer to the Local Rules regarding the requirements for noticing such motions on the court's regularly scheduled law and motion calendar, including, but not limited to, Local Rule 230. The incoming magistrate judge generally hears civil motions on Tuesdays at 10:00 a.m. This paragraph does not preclude later-filed motions for continuances, motions in limine related to trial, temporary restraining orders, or other emergency applications, for which the court may set a special briefing schedule, if necessary or appropriate.

ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL MOTION. The purpose of law and motion is to narrow and refine the legal issues raised by the case, as well as to dispose of those issues that are susceptible to resolution without trial by pretrial motion. To accomplish that purpose, the parties need to identify and fully research the issues presented by the case, then examine those issues in light of the evidence obtained through discovery. If it appears to counsel after examining the legal issues and facts that an issue can be resolved by pretrial motion, counsel are to file the appropriate motion consistent with the law and motion cutoff set forth above. Conversely, motions in limine are procedural devices designed to address the admissibility of evidence. THE COURT WILL LOOK WITH DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED UNDER THE GUISE OF MOTIONS IN LIMINE AT THE TIME OF TRIAL.

FINAL PRETRIAL CONFERENCE/TRIAL SETTING

The final pretrial conference is set for **September 23, 2025, at 1:30 p.m.,** before District Court Judge Dale A. Drozd by Zoom. Parties will receive a Zoom ID number and password for the final pretrial conference by email from Judge Drozd's Courtroom Deputy Pete Buzo (PBuzo@caed.uscourts.gov). Any other interested parties or members of the public may access the conference telephonically by dialing 888−557−8511 and using access code 9683466, at the time of the conference. Because several matters may be set for the same afternoon, the parties

will be notified in advance of the conference at what specific time the court anticipates calling their case so they can join the Zoom at that time.

The parties are directed to file a **joint** pretrial statement, carefully prepared and executed by all counsel, that complies with the requirements of this Local Rule 281 and Judge Drozd's Standing Order.  Counsel shall also email a copy of the joint pretrial statement in Word format to Judge Drozd's chambers at dadorders@caed.uscourts.gov.

The parties' attention is directed to Local Rules 281 and 282.  This court will insist upon strict compliance with these rules.  At the pretrial conference, the court will set deadlines to file trial documents, including motions *in limine*, trial briefs, and proposed jury *voir dire*, instructions, and verdict forms (where applicable).

JURY TRIAL

A jury trial is set for **November 24, 2025, at 9:00 a.m.,** in Courtroom 4 before District Court Judge Dale A. Drozd.  Trial is anticipated to last 3-5 court days.

Any objections to this pretrial scheduling order shall be filed within seven (7) days.

SETTLEMENT CONFERENCE

Should the parties wish to conduct a settlement conference with a magistrate judge, they are to contact the undersigned's courtroom deputy clerk to inquire as to the availability of another magistrate judge for a settlement conference.

MODIFICATION OF THIS SCHEDULING ORDER

The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b)(4), this order shall not be modified except by leave of court upon a showing of "good cause."  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).  Mere agreement by the parties pursuant to a stipulation does not constitute good cause.  Nor does the unavailability of witnesses or counsel, except in extraordinary circumstances, constitute good cause.

Dated:  February 6, 2024

aliv.202

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE