UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIOVANELLA AVILEZ-URBINA, | Case No. 2:23-cv-00202-DAD-CSK (PS) |
| Plaintiff, | ORDER |
| v. | (ECF No. 25.) |
| COUNTY OF SACRAMENTO, et al., | |
| Defendant. | |

Plaintiff Giovanella Avilez-Urbina, who proceeds in this action without counsel,[1] filed her complaint on February 1, 2023. (ECF No. 1.)[2] This case was reassigned from Magistrate Judge Kendall J. Newman to Magistrate Judge Chi Soo Kim for all further proceedings on April 2, 2024, and this order was served on Plaintiff by mail. (ECF No. 25.) However, on April 8, 2024, the mail returned as undeliverable. To date, Plaintiff has not updated her address with the Court.

A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails

---

[1] Plaintiff was initially represented by counsel until her counsel withdrew as attorney of record. (ECF No. 18.) Plaintiff did not retain new counsel, and the case was referred to Magistrate Judge Kendall J. Newman. (ECF No. 21.)

[2] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(21).

to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (approving *sua sponte* dismissals under Rule 41(b)); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), *as amended* (May 22, 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default). This Court's Local Rules are in accord. *See* E.D. Cal. Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); E.D. Cal. Local Rule 183(a) (providing that a pro se party's failure to comply with the Federal Rules of Civil Procedure, the court's Local Rules, and other applicable law may support, among other things, dismissal of that party's action).

As noted above, Plaintiff's copy of the Court's last order was returned as undeliverable. Despite such return, Plaintiff was properly served. Pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective. It is the Plaintiff's responsibility to keep the Court apprised of her current address at all times. It appears that Plaintiff has failed to comply with Local Rule 183(b), which provides that

> A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

More than sixty days have passed since the Court order was returned by the postal service and Plaintiff has failed to notify the Court of a current address. In light of Plaintiff's pro se status, the Court will not recommend dismissal at this time. However, within twenty-one (21) days of the date of this order, Plaintiff is ordered to provide her current address. Plaintiff is cautioned that failure to respond to this order will result in a recommendation to dismiss Plaintiff's claims for failure to prosecute.

Dated: November 1, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

5, avil.0202.24