UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIOVANELLA AVILEZ-URBINA, | Case No. 2:23-cv-00202-DAD-CSK PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS TO DISMISS FOR FAILURE TO PROSECUTE |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | (ECF No. 26) |

Plaintiff Giovanella Avilez-Urbina filed her complaint on February 1, 2023. (ECF No. 1.)[1] Plaintiff was initially represented by counsel until her counsel withdrew as attorney of record. (ECF No. 18.) Plaintiff did not retain new counsel and proceeds in this action without counsel, and the case was referred to Magistrate Judge Kendall J. Newman. (ECF No. 21.) This case was reassigned to Magistrate Judge Chi Soo Kim for all further proceedings on April 2, 2024, and this order was served on Plaintiff by mail. (ECF No. 25.) However, on April 8, 2024, the mail returned as undeliverable. On November 1, 2024, the Court ordered Plaintiff to provide her new address within twenty-one (21) days. 11/1/2024 Order (ECF No. 26). This order was served by mail on Plaintiff on November 4, 2024. To date, Plaintiff has not updated her address with the Court. It

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(21).

1

appears that Plaintiff failed to comply with Local Rule 183(b), which requires that a party appearing in propria persona inform the court of any address change. E.D. Cal. Local Rule 183(b) ("If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.").

I.  **LEGAL STANDARDS**

Under Federal Rule of Civil Procedure 41, a court may dismiss an action for failure to prosecute or failure to comply with the Federal Rules of Civil Procedure, the court's local rules, or any order of the court. Fed. R. Civ. P. 41(b); *see also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (approving dismissal under Rule 41(b) for a party's failure to follow the district court's local rules). This Court's Local Rules are in accord. *See* E.D. Cal. Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); E.D. Cal. Local Rule 183(a) (providing that a pro se party's failure to comply with the federal rules, local rules, or other applicable law may support dismissal of that party's action). The court may act on its own accord in exercising this authority. *Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (approving sua sponte dismissals under Rule 41(b)).

"District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court

order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action, the Court must consider several factors: (1) "the public's interest in expeditious resolution of litigation"; (2) "the court's need to manage its docket"; (3) "the risk of prejudice to the defendants"; (4) "the public policy favoring disposition of cases on their merits"; and (5) "the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

## II.     DISCUSSION

Applying the factors for involuntary dismissal, the Court finds this action should be dismissed. *See Carry*, 856 F.2d at 1440. Here, Plaintiff failed to file a notice of change of address. The Court cannot effectively manage its docket if Plaintiff ceases litigating her case. In addition, this district court in particular has a strong need and interest in managing its docket given the extremely high caseload in the Eastern District of California. Thus, this Court finds that the first and second factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. The third factor—prejudice to defendants—also weighs in favor of dismissal because all Defendants have appeared in the case and filed an answer (ECF No. 7), and the case is almost two years old. The fourth factor—availability of less drastic sanctions—favors dismissal. Mail sent to Plaintiff was first returned on April 8, 2024. Plaintiff has not filed a notice of change of address since that time. On November 1, 2024, the Court ordered Plaintiff to provide her current address and warned her that a failure to respond to the order would result in dismissal for failure to prosecute. 11/1/2024 Order at 3. This order was served on Plaintiff on November 4, 2024. Because Plaintiff has apparently abandoned this action and the Court already warned Plaintiff that failure to provide her address would result in dismissal, less drastic sanctions are not warranted. The fifth factor—public policy favoring a disposition of actions on its merits—arguably weighs against dismissal.

Despite the public policy favoring disposition on the merits, this Court finds that

the first, second, third, and fourth factors discussed above weigh in favor of dismissal. Therefore, after careful consideration, the Court concludes dismissal for failure to prosecute is appropriate. *See Hells Canyon,* 403 F.3d at 689 (approving court's sua sponte dismissal under Rule 41(b) for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders).

## **RECOMMENDATIONS**

Based upon the findings above, the Court RECOMMENDS:

1. Plaintiff's claims be DISMISSED pursuant to Federal Rule of Civil Procedure 41(b); and
2. The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  December 26, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

5, avil.0202.24

4